IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN FOX, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-134 |
| v. | |
| MR. HANSON, et al., | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's July 3, 2025, Report and Recommendation, (doc. 7), to which plaintiff has not filed an objection. The Magistrate Judge's Report and Recommendation explained that Fox failed to timely comply with the Court's Order to submit an Amended Complaint. (Doc. 7, p. 1.) Fox then filed an "ambiguous" request for an extension that did not satisfy the Federal Rules' requirement of "good cause" or "excusable neglect" for extending the expired deadline. (Doc. 9, p. 2.) The Magistrate Judge, therefore, construed the request as seeking an extension of his deadline to show cause why he failed to timely comply and granted it. (Id.) The Magistrate Judge was explicit, however, that any attempt to submit an untimely Amended Complaint must also explain the original failure to comply timely. (Id., pp. 2-3.) Within that extended deadline, Fox has submitted two documents, an Amended Complaint and an ambiguous "Motion." (Docs. 10 & 11.) Neither document indicates any objection to the Magistrate Judge's Report and Recommendation. (See generally id.) The substance of those documents is addressed below. However, the fact remains that Fox has never explained his failure to comply timely with the

Magistrate Judge's original Order. (See doc. 6.) However, for the reasons explained below, that failure is moot.

Since Fox is proceeding pro se, the Magistrate Judge screened his Complaint, pursuant to 28 U.S.C. § 1915(e)(2). (See generally doc. 6.) Among the defects identified by the Magistrate Judge was that the nature of the legal claims asserted was unclear. (Id., p. 4.) The factual allegations of the original Complaint appeared to relate, primarily, to a breach of a storage-unit rental agreement and seizure of personal property, which the Magistrate Judge acknowledged could implicate claims under state law. (Id., pp. 4-5.) As the Magistrate Judge recognized, "if those are the claims asserted, there is no obvious basis for this Court's jurisdiction." (Id., p. 5; citing Fed. R. Civ. P. 12(h)(3); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The Magistrate Judge also explained that the vague references to intellectual property law and the parties' respective citizenships were insufficient to establish any basis for the Court's jurisdiction. (Id., p. 5 n. 2.) The Magistrate Judge afforded Fox an opportunity to amend to address, among other issues, the lack of any basis for the Court's subject matter jurisdiction. (Id., pp. 6-7.)

It is not entirely clear that Fox's Amended Complaint is properly filed, given his failure to respond timely to the Magistrate Judge's Order, but he has not previously amended and no defendant has yet appeared. See Fed. R. Civ. P. 15(a)(1). Assuming that Fox is entitled to amend as a matter of course and the Amended Complaint is the operative pleading, it still fails to establish any basis for this Court's subject matter jurisdiction. The Amended Complaint clearly asserts that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, because it raises a "federal question." (Doc. 10 at 3.) In the section of the form Complaint for identifying the federal question implicated, Fox has stated, unedited and in full: " 'Failure to mitigate,' 'failure of

2

consideration,' fraud, 'unclean hands,' Prima facie, interlocutory injunction, statutory penalties, injunctive relief, permanent injunctions, and prohibitory injunctions."[1]  (Id.)  There is, therefore, no explicit reference to any federal law and, as explained below, any intended implication is insufficient to establish this Court's jurisdiction.

"Federal courts are courts of limited jurisdiction," Kokkonen, 511 U.S. at 377, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "It is to be presumed that a cause lies outside of this limited jurisdiction, [cit.], and the burden of establishing the contrary rests upon the party asserting jurisdiction, [cit.]."  Kokkonen, 511 U.S. at 377.  Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint.  Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)).  As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction."  McLemore v. Henry, 2020 WL 1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted).  The vague references in the Amended Complaint are, quite obviously, insufficient to show that any claim asserted "arises under the Constitution, laws, or treaties of the United States." Even supposing the references were sufficiently clear, they all implicate to state-law contractual and equitable doctrines.[2]  Fox's Amended Complaint, therefore, fails to establish any basis for

---

[1]  There are no alleged facts in the Amended Complaint.  It appears to attempt to incorporate by reference another document—a " 'Motion' for statement of claim."  (Doc. 10, p. 4.)  He also refers to an attachment described as " 'Motion' for Relief Statement."  (Id.)  No such document has been submitted.  (See generally docket).  To the extent that the "Motion" Fox has submitted is the document referred to, its substance is discussed in the note below.

[2]  In his Motion seeking issuance of a subpoena, discussed below, Fox refers to 28 U.S.C. § 1441 and "HIPPA," presumably the federal Health Insurance Privacy and Accountability Act, "HIPAA."  (Doc. 11, p. 1.)  He states "this court has jurisdiction over federal crimes as such when plaintiff has Federal protective laws to avoid unauthorized exposure of medical documents, materials, diagnoses, medications, doctor's [sic] who treat patients, and for how long and the methods that were used to aid patients in recovery efforts."  (Id.)  First, this Court is not authorized to rewrite

3

this Court's subject matter jurisdiction.  Therefore, it is **DISMISSED**.  (Doc. 7); Fed. R. Civ. P. 12(h)(3).

Given that the Amended Complaint, assuming it is properly filed, supersedes the original, the Magistrate Judge's Report and Recommendation concerning the dismissal of the original Complaint is moot.  Cf. Auto-Owners, Inc. v. Tabby Place Homeowners Ass'n, Inc., 637 F. Supp. 3d 1342, 1348 n. 4 (S.D. Ga. 2022).  It is, therefore, **DISMISSED**.  (Doc. 7.)  For the reasons explained above, Fox's Amended Complaint is **DISMISSED**.  (Doc. 10.)  Given that Plaintiff's Complaint is dismissed, his "Motion," is **DISMISSED** as moot. (Doc. 11.)  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 31st day of July, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Plaintiff's Amended Complaint, in light of those references, to establish its jurisdiction.  See, e.g., Nalco Co. LLC v. Bonday, ___ F.4th ___, No. 22-13546, 2025 WL 1903042, at *4 (11th Cir. July 10, 2025) ("[T]he leniency provided to pro se litigants does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading." (internal quotation marks and citation omitted)).  Even if those reference were considered, however, they do not establish federal-question jurisdiction.  Plaintiff cannot invoke § 1441 to remove any action from state court.  See, e.g., Tanna v. Tanna, No. 2:25-cv-00280-RAH-KFP, 2025 WL 1461272, at *2 (M.D. Ala. May 21, 2025) ("[T]he relevant removal statues here-Sections 1441(a) and 1443—do not allow a plaintiff to remove [his] own case to federal court." (emphasis omitted)).  Private individuals also cannot initiate criminal prosecutions, see, e.g., Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)), and there is no indication anywhere in Fox's pleadings that any defendant is a "covered entity," subject to the requirements of HIPAA, see, e.g.,  45 C.F.R. § 160.102, and, more fundamentally, because HIPAA does not create any private right of action, see, e.g., Laster v. CareConnect Health Inc., 852 F. App'x 476, 478 (11th Cir. 2021) ("While [HIPAA] provides civil penalties for improper disclosures of medical information, it does not expressly create a private cause of action to enforce the prohibition on disclosures.").  Thus, even if the Court could consider the allegations in Fox's Motion, they would still fail to establish any basis for this Court's subject matter jurisdiction.